CALLAHAN, Circuit Judge,
dissenting:
I respectfully dissent.
In my view, on this record, Petitioner has not met the admittedly low threshold of demonstrating “an inference of discriminatory purpose.” Johnson v. California, 545 U.S. 162, 168, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005). The prosecutor’s use of a peremptory strike against the only *621 remaining African-American prospective juror does not by itself raise an inference of discrimination. Crittenden v, Ayers, 624 F.3d 943, 955 (9th Cir.2010). The prosecutor’s misstatement of the juror’s voir dire testimony, adds little to the showing of discrimination because his brief comment was interrupted, there is clear evidence of a valid non-discriminatory reason for the recusal, and there is really no other evidence suggesting a discriminatory intent. No such evidence is provided through juror comparison because the other two jurors’ experiences with interracial misidentification occurred many years before the trial, and their difficulties with properly identifying assailants resulted in no harm to themselves or their families. In contrast, here, the recused juror related that within the year of the trial, her son had been picked up and held overnight for a crime he did not commit based on the misidentification by a white woman.
Even if this were a closer case than it is, I would still defer to the district court’s determination that “the totality of the relevant facts and circumstances do not raise an inference of discrimination.” See Crittenden, 624 F.3d at 954 (“Factual findings and credibility determinations that were not made by the trial court but were made by the district court after an evidentiary hearing are reviewed for clear error.”). There is no suggestion in this case that the district court did not consider all proffered evidence of the existence of an “inference of discrimination.”
Undoubtedly, it is the better practice for trial judges to require the prosecutor to respond to a Batson challenge whenever one is made. However, the Supreme Court has established an initial threshold — albeit a' low one — and neither the parties nor the courts are served when we reduce it to no more than a speed bump, allowing for further proceedings which will not result in any relief to the Petitioner.